UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN PATTON,

    Petitioner,                          CASE NO.   05-CV-10326
                                                                           04-CR-20027-01

v.

                                                      DISTRICT JUDGE DAVID M. LAWSON
UNITED STATES OF AMERICA,         MAGISTRATE JUDGE CHARLES BINDER

    Respondent.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Dkt. 209)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge David Lawson (Dkt. 212), is the above-entitled motion brought under 28 U.S.C. § 2255 that was filed on December 22, 2005. After several extensions of time, the Government filed a response opposing the motion on August 17, 2006. (Dkt. 247.) After review of the motion and response, I conclude that a Report and Recommendation without oral argument is appropriate pursuant to E.D. Mich LR 7.1(e)(2).

### B. Procedural History

In April 2004, Petitioner was charged in a criminal complaint with conspiracy to possess and distribute 50 or more grams of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. 3.) One month later, Petitioner was charged with the same offenses in a two-count indictment. (Dkt. 103.) Petitioner was represented by attorney Thomas Mengesha. (*Id.*)

Five months after the indictment, Petitioner entered into a Rule 11 Plea Agreement in which he agreed to plead guilty to conspiracy to distribute five or more grams of "crack" cocaine. (Dkt. 140.) Petitioner acknowledged that he committed this offense after a prior conviction for a felony drug offense had become final. (*Id*. at 3.) In addition, Petitioner agreed to waive his right to challenge the application of the sentencing guidelines. (*Id*. at 7.)

A Presentence Investigation Report was issued January 4, 2006. The report disclosed an Offense Level of 37 and a Criminal History Category of II. The report indicates that because of Petitioner's prior criminal record, he faced a 20-year mandatory minimum sentence. As a result, his guideline sentencing range was between 240 and 293 months. The only objections filed by Petitioner to the Presentence Investigation Report related to the application of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). On March 1, 2005, Petitioner was sentenced by Judge Lawson to the minimum 240-month custodial sentence calculated in the Presentence Investigation Report. No direct appeal was filed. Instead, nine months later, Petitioner filed the instant motion, arguing that he was denied his right to effective assistance of counsel.

### C.   Analysis and Conclusions

#### 1.   Governing Law of § 2255

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). Here, all of Petitioner's claims are in essence based upon alleged ineffective assistance of counsel.

#### 2.   Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id*. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that but for counsel's

3

errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### 3. Petitioner's Claims

### a. Prior Criminal History

Petitioner first claims that his attorney provided ineffective assistance because he failed to object to a sentencing enhancement made under the United States Sentencing Guidelines based upon a prior conviction which Petitioner contends was actually a misdemeanor, and thus not a proper vehicle for an enhancement. The Government contends that there was no basis in law for such an objection, and in the alternative, that he waived his right to raise this issue.

Petitioner does not contest his prior conviction for attempted possession of cocaine less than 25 grams under Michigan Compiled Laws ("MCL") § 333.7403(2)(a)(v). The Government

correctly points out that MCL § 750.92 makes this offense what is often referred to as a "high court misdemeanor," which is punishable by not more than 2 years' incarceration. However, as also correctly noted by the Government, Michigan's characterization of this offense as a misdemeanor is irrelevant for federal sentencing purposes. Federal law provides that

> [t]he term "felony drug offense" means an offense that is punishable by imprisonment for more than one year *under any law of the United States or of a State* or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana or depressant or stimulant substances.

21 U.S.C. § 822(44) (emphasis added).

In addition, I suggest that *United States v. Rolfe,* 997 F.2d 189(6th Cir. 1993), cited by the Government, is on point and controlling. *Id.* at 191 ("the two-year misdemeanor for attempted possession of cocaine [is] a prior drug felony for purposes of sentencing enhancement"). I therefore suggest that, on this ground, Petitioner's assertions of ineffective assistance of counsel lack merit.

> **b.     Investigation of Petitioner's Counsel**

Petitioner points out that Mr. Mengesha was under investigation at the time of Petitioner's sentence and argues that the "conflict of interest" created by this fact rendered Mr. Mengesha's representation ineffective. In their motion papers, both parties accurately quote portions of the colloquy on this topic which took place at the time of Petitioner's sentencing. The entire discussion of this subject, which took place after a recess, is as follows:

> THE COURT:      Now, Mr. Patton entered a guilty plea on October 14 of last year to conspiracy to distribute 50 grams or more of cocaine base. Mr. Patton also had a prior drug felony conviction and the government filed a Section 851 information so alleging, and so the potential sentence under 21 United States Code 841B1A is a minimum of 20 years and a maximum of life in custody.

5

|   |   |
|---|---|
| | Mr. Mengesha, I had a sidebar conference with you and Mr. Mitchell shortly before we took the recess. Have you had a chance to discuss the situation concerning yourself with your client? |
| MR. MENGESHA: | I have, your Honor, and I would like to put that on the record with my client. |
| THE COURT: | Please. |
| MR. MENGESHA: | Mr. Patton, would you come up here. Mr. Patton, you were made aware that local officials were investigating my dealing with another client? |
| [MR. PATTON]: | Yes. |
| MR. MENGESHA: | You also understand that you could, at a future time, allege that I curried favor with the government in order to deal with my situation at your expense? |
| [MR. PATTON]: | Yeah. |
| THE COURT: | Mr. Patton, you need to keep your voice up so we can hear you. |
| [MR. PATTON]: | Okay. |
| MR. MENGESHA: | And you are indicating that there was no conflict and you are willing to waive any potential conflict? |
| [MR. PATTON]: | Yeah, I waive. |
| THE COURT: | Very well. Mr. Mitchell, do you have any further inquire you would like me to direct to either Mr. Patton or Mr. Mengesha? |
| MR. MITCHELL: | Just to clarify one point. My understanding was that this investigation was by state authorities, not the federal government. |
| MR. MENGESHA: | That's correct. |
| THE COURT: | I'm sorry, is that correct? |
| MR. MENGESHA: | That is correct. |

6

| | |
|---|---|
| THE COURT: | Mr. Mitchell, can you say that the investigation, whatever it is, does not involve your office or any member of it at this point? |
| MR. MITCHELL: | That is fully my understanding. |
| THE COURT: | Very well. And, Mr. Patton, you are satisfied to proceed with Mr. Mengesha today? |
| [MR. PATTON]: | Yes. |
| THE COURT: | I asked you at your plea agreement if Mr. Mengesha had provided you with advice concerning your rights to go to trial and the difference in the potential sentence if you were to plead guilty and whether it was in your best interest to plead guilty; do you remember that? |
| [MR. PATTON]: | Yes. |
| THE COURT: | I also asked you at that time if you were satisfied with the advice and the services Mr. Mengesha provided to you through that day and you told me you were; correct? |
| [MR. PATTON]: | Yes. |
| THE COURT: | Are you still satisfied with Mr. Mengesha through today? |
| [MR. PATTON]: | Yes. |
| THE COURT: | Very well, thank you. |

(Sentencing Transcript, Dkt. 246 at 6-8).

After review and consideration of Petitioner's explicit statements regarding his satisfaction with Mr. Mengesha, along with his unequivocal waivers, I suggest that, in spite of Petitioner's protestations that he does not understand the term "currying favor," the circumstances surrounding Mr. Mengesha's investigation fail to rise to the level of ineffective assistance of counsel, and thus on this ground, Petitioner's motion should be denied.

7

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 

                                                                                      s/ *Charles E. Binder*
                                                                                 CHARLES E. BINDER
Dated: November 17, 2006                             United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Mitchell, served on Brian Patton by first class mail, and served on Judge Lawson in the traditional manner.

Date:  November 17, 2006                    By      s/Jean L. Broucek
                                                           Case Manager to Magistrate Judge Binder