UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MAURICE PATTON,

              Petitioner,

v.

UNITED STATES OF AMERICA,

              Respondent.

_____ /

Criminal Case Number 04-20027
Civil Case Number 05-10326
Honorable David M. Lawson

## OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING RECOMMENDATION, DENYING PETITION TO VACATE SENTENCE, AND DENYING MOTION FOR LEAVE TO AMEND PETITION

The petitioner, Brian Maurice Patton, was convicted of violating the Controlled Substances Act and sentenced to 240 months in prison. He filed a petition under 28 U.S.C. § 2255 to vacate his sentence, which the Court referred to Magistrate Judge Charles E. Binder for a report and recommendation. Judge Binder filed a report recommending that the petition be denied, and the petitioner filed timely objections. Thereafter, the petitioner moved for leave to amend his petition to vacate the sentence by adding new grounds for relief. The Court has conducted a *de novo* review of the matter and concludes that the petitioner's objections lack merit, the magistrate judge correctly decided the issues, and the petition should be denied for the reasons set forth in the report and for additional reasons set forth below. The Court also finds that allowing the proposed amendment adding new grounds to the petition would contravene the one-year bar for section 2255 petitions, so the motion to amend will be denied as well.

I.

On May 26, 2004, Brian Maurice Patton, also known as Shawn M. Brooks, was indicted along with seven others in a two-count indictment for conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (count one), and use of a communication facility in the commission of a drug felony in violation of 21 U.S.C. § 843(b) (count two). On September 17, 2004, the government filed a notice of penalty enhancement under 21 U.S.C. § 851, alleging that the petitioner previously had been convicted of a felony drug offense. Attached to the notice is a June 2001 information from state court charging Shawn M. Brooks with possession of less than 25 grams of cocaine in violation of Mich. Comp. Laws § 333.7403(2)(a)(v). The information stated that the charge is a felony.

On October 14, 2004, the petitioner pleaded guilty to count one, and count two was dismissed. The petitioner was advised that his prior drug felony, together with the type and quantity of illegal substance involved in the offense, exposed him to a mandatory minimum sentence of twenty years in prison and a maximum sentence of life. On March 1, 2005, the petitioner was sentenced to 240 months in custody to be followed by ten years of supervised release. The petitioner did not appeal his conviction or sentence.

On December 22, 2005, the petitioner filed a motion to vacate his sentence asserting that his sentence was wrongly enhanced because the prior drug conviction was not a felony. The petitioner was convicted in state court of attempted possession of cocaine and sentenced to one year of probation. The petitioner also argues that his attorney, Thomas Mengesha, provided ineffective assistance by failing to object to the enhancement and because the state was investigating Mr.

Mengesha at the time. The Court referred the motion to Magistrate Judge Binder for report and recommendation. On November 17, 2006, Judge Binder issued his report and recommendation.

The magistrate judge recommended that the motion be denied. He found it irrelevant whether the petitioner's prior conviction is considered to be a misdemeanor or felony by the State of Michigan. The dispositive fact, he wrote, is that the offense is punishable by imprisonment for more than one year under federal law. The Sixth Circuit has held that "the two-year misdemeanor for attempted possession of cocaine [is] a prior drug felony for purposes of sentencing enhancement." *United States v. Rolfe*, 997 F.2d 189 (6th Cir. 1993). Because of this, he believed the petitioner's claim regarding the prior conviction and the related ineffective assistance claim must be denied.

As to the investigation of Mr. Mengesha, the magistrate judge concluded that the petitioner's waiver on the record indicating that he was satisfied with Mr. Mengesha's performance prevented success on this claim. Mr. Mengesha's performance did not rise to the level of ineffective assistance.

The petitioner filed timely objections, and on December 18, 2006, he filed a supplemental brief, to which the government responded. The petitioner first objects to the magistrate judge's conclusion that his prior conviction was "punishable by imprisonment for more than one year." The petitioner points out that he was only given one year of probation. Therefore, he believes his conviction does not constitute a prior felony drug offense for sentencing enhancement purposes.

The petitioner next objects to the magistrate judge's finding that Mr. Mengesha's performance was not deficient due to the petitioner's statements on the record that he waived any conflict. The petitioner contends that his waiver and consent to representation by Mr. Mengesha

was not knowingly given. According to the petitioner, Mr. Mengesha did not explain the conflict and told him to say "yes" and agree to waive any objections based on the conflict.

On December 18, 2006, the petitioner filed a supplemental brief in which he discusses a case decided after his objections were submitted, *Lopez v. Gonzales*, __ U.S. __, 127 S.Ct. 625 (2006). According to the petitioner, *Lopez* held that a state offense constitutes a felony punishable under the Controlled Substances Act only if it proscribes conduct punishable as a felony under that federal law. The petitioner believes his state drug possession conviction would be treated as simple possession under federal law and would be considered a misdemeanor. The government responds that *Lopez* was an immigration case that considered whether a prior offense qualified as an aggravated felony under the Immigration and Nationality Act (INA); because the petitioner's case is not related to immigration, *Lopez* does not apply. The government also argues that the petitioner's claim regarding the sentencing enhancement is barred by procedural default.

II.

A.

As an initial matter, it must be noted that Patton did not file a direct appeal of his conviction or his sentence. A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims in a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Id.* at 164-65. *Accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). Where a defendant fails to assert a claim on direct appeal and attempts to raise them in a § 2255 motion, "he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528.

The petitioner has not shown cause for his failure to raise the sentencing issue on direct appeal. Nor does the record demonstrate prejudice. The state statute defining the petitioner's prior conviction, Michigan Compiled Laws section 333.7403(2)(a)(v), states:

> (2) A person who violates this section as to:
> (a) A controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv), and:
> (v) Which is in an amount less than 25 grams of any mixture containing that substance is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $25,000.00, or both.

Mich. Comp. Laws § 333.7403(2)(a)(v). Attached to the government's notice of penalty enhancement is an "Order of Conviction and Sentence" from Wayne County circuit court indicating Shawn M. Brooks pleaded guilty to *attempted* possession of less than 25 grams of a controlled substance in violation of Mich. Comp. Laws § 333.7403(2)(a)(v). Michigan law makes the offense

of attempt in this case a nominal misdemeanor rather than a felony, although the penalty exceeds one year:

> 3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt *shall be guilty of a misdemeanor*, punishable by imprisonment in the state prison or reformatory *not more than 2 years* or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so attempted had been committed.

Mich. Comp. Laws § 750.92(3) (emphasis added).

Under applicable federal law, "[t]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana or depressant or stimulant substances." 21 U.S.C. § 802(44). The Sixth Circuit has previously held that violation of Michigan's attempted possession law constitutes a felony. "This Court considers the two-year misdemeanor for attempted possession of cocaine a prior drug felony for purposes of sentencing enhancement under 21 U.S.C. § 841(b)(1)(B)." *United States v. Rolfe*, 997 F.2d 189, 191 (6th Cir. 1993). The same result is required for sentences under 21 U.S.C. § 841(b)(1)(A), which prescribed the petitioner's sentence in this case.

*Lopez v. Gonzales*, __ U.S. __, 127 S.Ct. 625 (2006), does not require a different conclusion. In that case, Lopez, an illegal immigrant, was charged in a state court with aiding and abetting possession of cocaine and sentenced to five years in prison, although he only served fifteen months. After he was released, the INS began removal proceedings against him. The Immigration and Naturalization Act (INA) gave the attorney general discretion to cancel the removal of a person in certain circumstances. However, if the person had been convicted of an aggravated felony, no such

discretion was permitted under the INA. The INS contended that Lopez's state court conviction constituted an aggravated felony, disqualifying him from discretionary cancellation of removal. However, the immigration statute defined "aggravated felony" to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime"; "drug trafficking crime" was defined as "any felony punishable under the Controlled Substances Act." Because Lopez's state court conviction for aiding and abetting possession was treated by the state court as simple possession, and simple possession is not a felony under the Controlled Substances Act, the Court concluded that Lopez had not been convicted of an aggravated felony. The Court also noted that trafficking implies some sort of commercial dealing. This case has no impact on the petitioner's sentence under the Controlled Substances Act, which contains discrete definitions that differ from the language of the INA.

Nor does it matter that the petitioner received a probationary sentence on his state court conviction. It is the maximum *possible* penalty that defines the crime for the purpose of 21 U.S.C. § 851, not the actual sentence. Patton's sentencing issue affords him no relief under 28 U.S.C. § 2255.

B.

Patton's claim of ineffective assistance of counsel is predicated on two grounds: his lawyer, Thomas Mengesha, was incompetent for failing to object to the enhancement; and the lawyer's loyalty was compromised because the state was investigating Mr. Mengesha at the time. The first ground is easily resolved. There was no valid basis to challenge the penalty enhancement information under 21 U.S.C. § 851 for the reasons notes earlier, so Patton's attorney's performance cannot be considered deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), for his failure

or refusal to mount such a challenge. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (holding that "there can be no constitutional deficiency in appellate counsel's failure to raise meritless issues").

The second ground has colorable merit only. Indeed, if defense counsel under investigation by the government seeks leniency in his own case at the expense of the loyalty due his client, a Sixth Amendment violation will be found because of an actual conflict of interest. *Rugiero v. United States*, 330 F. Supp. 2d 900 (E.D. Mich. 2004). But that is not what happened in this case.

At his plea and sentence, the petitioner was represented by Thomas Mengesha, who was then being investigated by the Genesee County, Michigan prosecutor on a complaint by a former client. Mengesha disclosed the circumstances of the investigation to the Court, the attorney for the government, and his client, and at the plea hearing on October 14, 2004, the following exchange took place between the Court and the petitioner:

> THE COURT: Do you believe after all that it's in your best interest to plead guilty?
> A: Yes.
> THE COURT: And are you satisfied with the services and the advice that Mr. Mengesha has given to you through today?
> A: Yes.
> . . .
> [Mr. Mitchell read the terms of the plea agreement, including the provision regarding sentencing mentioned above:] And, third and last, the defendant committed the present offense after a conviction for a felony drug offense had become final.
> . . .
> THE COURT: Mr. Patton, did you understand all those terms?
> A Yes.
> THE COURT: Do you have any questions about them?
> A No.
> THE COURT: Do you agree with the terms of the plea agreement?
> A Yes.

Plea Hr'g Tr. 18, 22, 25 (Oct. 14, 2004). At the sentencing on March 1, 2005, the Court engaged in a sidebar discussion with Mr. Mengesha and AUSA James Mitchell during which the Court

inquired as to whether the petitioner had been notified of the investigation and consented to proceed with Mr. Mengesha representing him. After a brief recess during which Mr. Mengesha had a discussion with the petitioner, the following colloquy was put on the record:

> MR. MENGESHA: Mr. Patton, would you come up here. Mr. Patton, you were made aware that local officials were investigating my dealing with another client?
> RESPONDENT: Yes.
> MR. MENGESHA: You also understand that you could, at a future time, allege that I curried favor with the government in order to deal with my situation at your expense?
> RESPONDENT: Yeah.
> . . .
> MR. MENGESHA: And you are indicating that there was no conflict and you are willing to waive any potential conflict?
> RESPONDENT: Yeah, I waive.
> . . .
> MR. MITCHELL: Just to clarify one point. My understanding was that this investigation was by state authorities, not the federal government.
> MR. MENGESHA: That's correct.
> THE COURT: I'm sorry, is that correct?
> MR. MENGESHA: That is correct.
> THE COURT: Mr. Mitchell, can you say that the investigation, whatever it is, does not involve your office or any member of it at this point?
> MR. MITCHELL: That is fully my understanding.
> THE COURT: Very well. And, Mr. Patton, you are satisfied to proceed with Mr. Mengesha today?
> RESPONDENT: Yes.

Sent. Hr'g Tr. 7-8, Mar. 1, 2005. The petitioner has submitted an affidavit explaining what happened during the recess:

> 2. During the recess, attorney Mengesha came and sat at my table and told me that he had some wealthy clients who allegedly tried to bribe a prosecutor in order to get a favorable decision. He further stated that neither the investigation nor any of it's [sic] consequences had anything to do with me.
> 3. He also stated that he was required to inform me of this investigation and that I could ask for another lawyer. I stated that I wanted to proceed even though I did not understand what he was talking about. Mr. Mengesha repeated that I had no way to resolve my case. Since I was in county jail, under miserable conditions, I did not understand why I should delay my sentencing hearing.

> 4. I did not understand either the meaning nor the implication of the term "currying favor."

Pet. Ex. 3, Affidavit.

Under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), a criminal defendant represented by an attorney laboring under an actual conflict of interest need show no prejudice to obtain relief from a conviction because prejudice is presumed. However, the petitioner must show that there was an actual conflict that adversely affected his counsel's performance. Patton has mode no such showing here. The petitioner does claim that Mr. Mengesha provided ineffective assistance because he was being investigated at the time. However, the petitioner has failed to show that the investigation created a conflict for Mr. Mengesha that had an effect on his representation. As the transcript of the proceeding shows, Mr. Mengesha was being investigated by officials of the State of Michigan. Mr. Mengesha had no reason to curry favor with the federal government officials who were prosecuting the petitioner. Moreover, the petitioner was made aware of the situation on the record and consented to continued representation by Mr. Mengesha.

The Court concludes that the petitioner's Sixth Amendment rights were not abridged by the continued representation of him by Mr. Mengesha.

### III.

On May 29, 2007, the petitioner filed a motion to amend his previously-filed motion to vacate his sentence. The petitioner seeks to add a new claim alleging ineffective assistance of counsel. The claim is predicated on the theory that the government failed to prove that the substance involved in the offense was the crack form of cocaine base rather than some other form of cocaine base, and his attorney was incompetent for failing to advance that argument.

The petitioner's argument finds some support in *United States v. James*, 78 F.3d 851 (3d Cir. 1996), in which the court observed that the definition of cocaine base under the Sentencing Guidelines appeared to limit the scope of the more severe provisions of the Drug Quantity Table to the crack form of cocaine base. The section applicable to Patton's sentence reads:

> "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

U.S.S.G. § 2D1.1(c) note D (2003). Patton says that the failure to show that the form of cocaine base he was accused of distributing actually was crack undermines the quality of his attorney's representation and affects the validity of his sentence. Because he did not raise this issue until his May 17, 2007 motion, he seeks leave to amend his petition to include it now.

Patton's motion must be denied on several grounds. First, it comes too late. Section 2255 provides a one-year statute of limitations, which is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 para. 6. Because the petitioner has not alleged a governmental impediment to filing the claim he now seeks to assert, a claim newly recognized by the Supreme Court, or newly discovered facts, subparagraph 1 applies to his case.

A federal criminal judgment that is not appealed becomes final for the purpose of section 2255 ten days after it is entered, that is, when the time for filing a direct appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004). The petitioner was sentenced and the judgment was entered on March 1, 2005. His conviction became final in this case on March 11, 2005. *See Sanchez-Castellano*, 358 F.3d at 425 n.2. The limitations period, then, expired one year later, on March 13, 2006 (because March 11, 2006 was a Saturday). Any new claim brought by the petitioner will therefore be barred by the statute of limitations unless it relates back to the date of the original motion.

Ordinarily, amendments to pleadings relate back to the filing date of the original pleading when the new claim arises from the same transaction or occurrence as set forth in the original pleading. Fed. R. Civ. P. 15(a)(2). However, the Supreme Court has held that amendments asserting new claims based on different facts do not relate back to the original pleadings and therefore do not "escape the AEDPA's one-year time limit." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The petitioner's new claim does not arise from the same facts as either of the two claims he brought in his original motion. Rather, this new claim is based on different facts than the previous claims and therefore does not relate back to the filing date of the original motion. The petitioner may not now amend his motion to vacate because the new claim is untimely.

Furthermore, the petitioner is not entitled to equitable tolling. A court must consider five factors in determining whether equitable tolling is appropriate in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). The petitioner has presented no evidence of a lack of constructive knowledge of the filing requirement and has not shown that he was reasonable in remaining ignorant of the legal requirement for filing his claim. The statute of limitations thus forecloses his new claim.

Second, the new claim has no merit. A petitioner claiming ineffective assistance of counsel must fulfill both prongs of the *Strickland* test: he must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 688, 693. A court need not conduct an analysis under the competence prong of the test if the petitioner fails to show prejudice. *Baze v. Parker*, 371 F.3d 310, 321 (2004).

The focus of the petitioner's new argument is that there are different species of cocaine base and the Sentencing Guidelines only deal with one of them: the one known as "crack." However, even if that distinction were acknowledged in this circuit, the petitioner's sentence was based on the mandatory minimum prison term prescribed by the statute, which rendered the Sentencing Guidelines virtually irrelevant in his case. The statute punishes a person convicted under 21 U.S.C. § 846 of conspiracy to distribute "50 grams or more of a mixture or substance described in clause (ii) [mixtures containing cocaine and generic isomers] which contains cocaine base" with a prison sentence of "not . . . less than 20 years and not more than life imprisonment" when the defendant has a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A)(iii). The petitioner received the minimum sentence under this provision, which makes no distinction between "crack" and any other form of cocaine base.

Next, although the court in *United States v. James* vacated the sentence because ambiguous statements at the plea colloquy rendered it unclear that the defendant voluntarily admitted that the cocaine base constituted crack, there was no ambiguity in the indictment, the plea agreement, the plea testimony, or the presentence report in this case. The indictment charged the petitioner with conspiracy "to distribute 50 grams or more of a mixture or substance containing cocaine base, commonly referred to as 'crack' cocaine." Indictment at 2 [dkt # 103]. In the Rule 11 plea agreement, the petitioner agreed to plead guilty to that crime and acknowledged that, if he did not plead guilty, the government would have to prove that he "conspired, or agreed to commit the crime of distribution or possession with intent to distribute 50 grams or more of a substance containing cocaine base, commonly known as crack cocaine." Plea Agreement at 2 [dkt # 140]. At the plea proceedings, the petitioner admitted that he was guilty of conspiracy to distribute 50 grams of crack cocaine:

> THE COURT: So how are you going to plead to the charge of conspiracy to distribute 50 grams or more of crack cocaine?
> A: Guilty.
> THE COURT: Are you pleading guilty to that charge because you believe you are guilty?
> A: Yes.
> . . .
> THE COURT: Over that period of time, how much cocaine base or crack do you think you passed out?
> A: I don't know exactly the amount, but I did.
> THE COURT: Was it at least 150 grams?
> A: I just got my hands on it and sold it, I wasn't keeping track of it.

Plea Hr'g Tr. 47-49, Oct. 14, 2004. The presentence investigation report described the petitioner's participation in the offense conduct as follows:

> BRIAN M. PATTON, a.k.a. Shawn Brooks, was the head of a drug-distribution organization that was bringing crack cocaine from Detroit, Michigan to the Mt. Pleasant area. . . . During the DEA investigation, PATTON would supply the

location(s) in Mt. Pleasant with 2.2 grams of crack cocaine, two to three times per week, either himself or sending it up with others. From November 2002 through February 2004, nine controlled buys of crack cocaine were made from PATTON's "employees." These purchases ranged from .35 to 23.3 grams.

Presentence Report at 6-7. The petitioner did not object to these facts.

"[T]he term 'crack' was used in the indictment, at the plea hearing, and in the uncontested facts of the presentence report. [The petitioner] pleaded guilty to the charge and did not contest the use of the term 'crack' at any stage below. This distinguishes him from the defendants in *United States v. James*, 78 F.3d 851 (3d Cir. 1996)." *United States v. Williams*, 176 F.3d 301, 309 (6th Cir. 1999). Therefore a sentence based on crack cocaine was appropriate, and the petitioner's counsel was not ineffective for failing to make the argument presented here. The new proposed claim is without merit.

The futility of a proposed amendment is a recognized ground for denying leave to amend. *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003).

IV.

The Court finds that the petitioner's objections to Magistrate Judge Binder's report and recommendation lack merit. The proposed amendment to the petition comes too late and would be futile.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt # 251] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt # 250] is **ADOPTED**.

It is further **ORDERED** that the petitioner's motion to vacate his sentence [dkt # 209] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for leave to amend his petition [dkt # 262] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 20, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 20, 2007.

s/Felicia M. Moses
FELICIA M. MOSES

---